Francis T. Murray, Esq. County Attorney, Ulster
I am writing in response to your request for an opinion as to whether Ulster County may provide funding for the construction of a building by a Migrant Child Care Program within the county.
According to your letter, the New Paltz Migrant Child Care Program requested funds from Ulster County for the construction of a building. Presumably, the building is to house facilities to provide child care services.
Provisions for the establishment and funding of child care centers are found in article 6 of the Social Services Law. The statute enables local public welfare officials to provide "day care at public expense for children residing in [the] territory who are eligible therefor pursuant to provisions of this title" (Social Services Law, § 410[1]). Subdivision 2 of section 410 provides as follows:
 "The furnishing of such care is hereby declared to be a proper municipal purpose for which the monies of a county, city or town may be raised and expended. A county, city or town may receive and expend monies from the state, the federal government or private individuals, corporations or associations for furnishing such care."
A strong argument can be made that "furnishing care" includes the contribution of funds towards the construction of a building to house the child care facility.
In any event, we addressed a similar issue in an opinion issued last year to Nassau County (Op Atty Gen No. 84-44). The county inquired as to whether it could permit blind persons to operate vending stands on county property without paying rent and without being suspect to competitive bidding requirements. The major concern was that in doing so, the county may be making an unconstitutional gift of public funds to private parties. We concluded that (1) because of the plethora of State and Federal programs to assist the blind, action on the part of the county to do the same, likewise, would serve a valid public purpose, and consequently would not be an unconstitutional gift of public funds to a private party; and (2) that the county could furnish such assistance in exercising its powers to advance the health, safety and welfare of the community (id.).
Similarly, we believe that the governing body of a county may provide funds for construction of a child care facility in furthering the health, safety and welfare of the community (Municipal Home Rule Law, § 10[1][ii][a][12]). Provision of child care services ensures that children who might otherwise be neglected or receive inadequate care are properly supervised. For this reason, the provision of this assistance serves a valid public purpose.
The extensive statutory framework for public funding of child care facilities is further indication that these programs fulfill a valid public purpose. (See Hotel Dorset Company v Cultural Resources,46 N.Y.2d 358, 371 [1978]; Murphy v Erie County, 28 N.Y.2d 80, 87-88
[1971]; 1981 Op Atty Gen [Inf] 97, 98).
Accordingly, we conclude that a county may provide funding for a migrant child care center program located within the county.